RULEY, JUDGE:
This claim was originally filed by Andrew Jackson Junior High School, but during the testimony it was developed that the damaged vehicle, a 1974 Dodge van, was in fact owned by The Board of Education of the County of Kanawha, and as a result, the true party in interest was substituted as the claimant on the Court’s own motion.
On January 2, 1979, the van was being driven in an easterly direction on Interstate 64 by John David Nelson, a teacher at the Andrew Jackson Junior High School, located near Cross Lanes, West Virginia. It was around noon, and Nelson was transporting a group of students and basketball players from the school to attend a basketball game at Horace Mann Junior High School. Among the occupants of the van was Larry Milam, the head coach of the basketball team.
At and near the accident scene, Interstate 64 consists of four lanes for eastbound traffic, and in addition, an emergency lane is located to the south of four eastbound lanes. Prior to reaching a point west of the Broad Street exit from Interstate 64, the claimant’s van, which was being driven in the first or most southerly lane of this expressway, was passed by a brown van, which pulled in front of and into the lane being occupied by claimant’s van. Shortly thereafter, the brown van turned to the left for reasons unknown at that time to Nelson. Suddenly, Nelson observed a white Plymouth automobile, owned by respondent, in a stopped position directly in front of him and in his lane of travel.
On direct examination, Nelson testified that when he first observed respondent’s vehicle, it was 100 yards in front of him; but *61 later, on cross-examination, he stated that it was only four to five car lengths in front of him. He further testified that a vehicle was passing him on his left and that at least two of respondent’s dump trucks were stopped or parked in the emergency lane to his immediate right. Larry Milam, who was sitting in the front passenger seat, testified that when the brown van suddenly turned to the left, the respondent’s vehicle was stopped only “100 feet or so” in front of claimant’s vehicle. An estimate of repairs from Capitol City Body Works, Inc. was introduced into evidence reflecting that the repairs to claimant’s vehicle would cost $1,694.81. No testimony was introduced by respondent to explain the reason or necessity for its vehicle being stopped in its position on the expressway.
We believe that liability in this claim is controlled by West Virginia Code §17C-13-1, which is as follows:
“(a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for-the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
(b) This section shall not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position.”
We are of the opinion that the respondent violated the provisions of the above, and as such, was guilty of prima facie negligence and that such negligence was the proximate cause of the accident and the resulting damage to claimant’s vehicle. We do not believe that the driver of claimant’s vehicle was guilty of any negligence, and therefore, there is no reason to invoke the doctrine of comparative negligence.
Accordingly, an award is hereby made in the amount of $1,694.81.
Award of $1,694.81.