PER CURIAM:
At approximately 1:00 a.m. on January 1, 1981, claimants were traveling on Secondary Route 5 in Hampshire County, *293 West Virginia, on their way home from a New Year’s Eve party. It was snowing and the roads were slick. While traveling at a speed of 30-35 miles per hour in their 1977 Blazer about a mile from their home, claimants came upon a little rise or knoll in the road followed by a 14-15 foot dip. Claimant Charles Stultz testified that, parked in the middle of the roadway, in the dip, was a truck belonging to the respondent with bright lights blazing. Mr. Stultz stated that he was one hundred feet from the truck when he first observed it, and when he tried to stop his car, it began to slide, and hit trees on the opposite side of the road.
As a result of the accident, the Blazer was totaled, and claimants seek $4,200 in damages for the vehicle. In addition, claimant Mary N. Stultz suffered personal injuries, and both claimants’ glasses were broken. The amount of those bills was $926.91, for a total claim of $5,126.91.
Testifying on behalf of the respondent was the driver of the truck, Ersel A. Hott. Mr. Hott indicated that he was cindering Route 5 when a piece of wood became lodged in the fan. He then stopped the truck in his lane of travel and got out to investigate. Mr. Hott stated that the four-way flashers and the revolving light were on.
Liability in this claim is governed by West Virginia Code §17C-13-1:
“ (a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
(b) This section shall not apply to the driver of any vehicle which is disabled while on the paved or main- *294 traveled portion of a highway in such manner to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position.”
Respondent’s driver violated that statute and respondent thereby was guilty of negligence which proximately caused the damages suffered by the claimants. See also The Board of Education of the County of Kanawha vs. Department of Highways, 13 Ct.Cl. 60 (1979).
Accordingly, an award of $5,126.91 is made to the claimants.
Award of $5,126.91.